IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-459-F

PHILIP RACALBUTO, JR.,                    )
                                          )
            Plaintiff/Claimant,           )
                                          )
      v.                                  )        **MEMORANDUM AND**
                                          )        **RECOMMENDATION**
                                          )
CAROLYN W. COLVIN, Acting                 )
Commissioner of Social Security,          )
                                          )
            Defendant.                    )

This matter is before the court on the parties' cross-motions for judgment on the pleadings

[DE-21, -24] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Claimant Philip

Racalbuto, Jr. ("Claimant"), proceeding *pro se*, filed this action challenging the amount of benefits

awarded on his claim for Supplemental Security Income ("SSI") payments. [DE-5, 21]. The time

for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having

carefully reviewed the administrative record and the motions and memoranda submitted by the

parties, it is recommended that Claimant's Motion for Judgment on the Pleadings be denied,

Defendant's Motion for Judgment on the Pleadings be allowed, and the case be dismissed.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for SSI payments on April 19, 2011, alleging

disability beginning July 14, 2010. (R. 21, 167-74). The claim was denied initially and upon

reconsideration. (R. 21, 69-96). A hearing before an Administrative Law Judge ("ALJ") was held

on February 7, 2013, at which Claimant, represented by counsel, a third-party witness, and a

vocational expert ("VE") appeared and testified. (R. 21, 31-68). On March 29, 2013, the ALJ issued

a decision denying Claimant's request for benefits. (R. 18-30). Claimant then requested a review of the ALJ's decision by the Appeals Council, and after incorporating additional evidence into the record, the Appeals Council denied Claimant's request for review. (R. 3-8). Claimant, after receiving an extension of time (R. 1), then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The jurisdiction of the district courts extends only to final decisions of the Commissioner. 42 U.S.C. § 405(g). The scope of review of an agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the

2

first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ

to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with

the "special technique" described in 20 C.F.R. § 416.920a(b)-(c). This regulatory scheme identifies

four broad functional areas in which the ALJ rates the degree of functional limitation resulting from

a claimant's mental impairment(s): activities of daily living; social functioning; concentration,

persistence or pace; and episodes of decompensation. *Id.* § 416.920a(c)(3). The ALJ is required to

incorporate into his written decision pertinent findings and conclusions based on the "special

technique." *Id.* § 416.920a(e)(3).

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not

disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial

gainful activity since the application date. (R. 23). Next, the ALJ determined Claimant had the

severe impairments of major depressive disorder, generalized anxiety disorder, and obesity. *Id.*

However, at step three, the ALJ concluded these impairments were not severe enough, either

individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1. (R. 23-24). Applying the technique prescribed by the regulations,

the ALJ found that Claimant's mental impairments have resulted in mild difficulties in his activities

of daily living and social functioning and moderate difficulties in concentration, persistence, or pace

with no episodes of decompensation of an extended duration. (R. 24).

Prior to proceeding to step four, the ALJ assessed Claimant's residual functional capacity

3

("RFC") finding Claimant has the ability to perform light[1] work with a limitation to performing

simple, routine, and repetitive tasks, meaning that he can apply commonsense understanding to carry

out instructions furnished in written, oral, or diagrammatic form and deal with problems involving

several concrete variables in or from standardized situations. (R. 24-27). In making this assessment,

the ALJ found Claimant's statements about his limitations not entirely credible. (R. 26). At step

four, the ALJ concluded Claimant is capable of performing his past relevant work as a cashier. (R.

27).

Claimant challenges the amount awarded on a subsequent favorable claim for SSI benefits

and contends the ALJ wrongly denied his claim in this case. Pl.'s Mem. [DE-23] at 1-3.

## V. DISCUSSION

### A.    Payment of SSI Benefits

Claimant challenges the amount awarded on a subsequent favorable claim for SSI benefits.

Pl.'s Mem. [DE-23] at 1-2. Claimant asserts that he was litigating his case for four years and eight

months and that all he received was six months of "back money." *Id.* Claimant contends his

benefits awarded in the subsequent case should have dated back to at least the date of the denial of

his prior claim.[2] *Id.* at 2. Defendant contends that Claimant is not entitled to retroactive SSI benefits

based on the favorable decision in his subsequent April 22, 2014 application. Def.'s Mem. [DE-25]

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up
to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of
walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.
To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially
all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there
are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time. 20 C.F.R.
§ 416.967(b).

[2] Claimant references the date of denial as February 7, 2013. Compl. [DE-5] at 2; Pl.'s Mot. [DE-21] at 1; Pl.'s Mem.
[DE-23] at 2. However, February 7, 2013 was Claimant's hearing date before the ALJ (R. 21, 31-68) and his claim was
not denied until March 29, 2013, the date of the ALJ's decision (R. 27).

4

at 4-5.

Claimant does not assert when he filed the claim on which he was awarded benefits, and the administrative record concerning that decision is not before the court because Claimant's appeal is not filed in the case in which he received the favorable decision. *See* Compl. [DE-5] at 5 (Aug. 7, 2015 letter from the Appeals Council allowing Claimant extension of time to file a civil action after the April 8, 2014 denial of request for review). Nevertheless, Claimant's complaint, motion, and memorandum make plain that he is seeking retroactive payment of SSI benefits from a subsequent application. *See* Compl. [DE-5] at 2-3 (asserting when SSI was granted after four years and eight months, the payment was only for six months and seeking payment from at least the date of the prior ALJ unfavorable decision); Pl.'s Mot. [DE-21] at 1 (asserting favorable decision should have awarded benefits from the time of the prior denial). Under the Social Security Regulations, the earliest SSI benefits are payable is the month after the month the application was filed. 20 C.F.R. §§ 416.330, 416.335; *Moore v. Colvin*, No. 4:15-CV-62-D, 2016 WL 3211470, at *1 (E.D.N.C. May 4, 2016) (unpublished) ("SSI is payable no earlier than the month after that in which the application was filed (20 C.F.R. § 416.335)."), *adopted by* 2016 WL 3227677 (E.D.N.C. June 9, 2016). In other words, SSI benefits are not paid retroactively. *See Reynolds v. Colvin*, No. 6:13-CV-22604, 2014 WL 4852242, at *1 (S.D. W. Va. Aug. 19, 2014) (unpublished) ("SSI is not retroactive.") (citing 20 C.F.R. § 416.335), *adopted by* 2014 WL 4852250 (S.D. W. Va. Sept. 29, 2014).

In the case of *Payne v. Colvin*, No. 1:12CV1127, 2015 WL 570903 (M.D.N.C. Feb. 11, 2015) (unpublished), the court determined it lacked subject matter jurisdiction to consider the claimant's argument to the extent he challenged the agency's decision not to award retroactive SSI payments. 2015 WL 570903, at *5. The court reasoned that because "[t]he regulations implementing Title XVI

5

make clear that the Administration cannot provide retroactive SSI payments," the court may only "review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions." *Id.* (citing 20 C.F.R. § 416.335 & *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir. 1981)). Here, Claimant has not put forth any argument that the failure to pay retroactive SSI benefits violated the Constitution, or any other legal authority, but rather argues that it is simply "not fair." Pl.'s Mot. [DE-21] at 1. Accordingly, the agency's decision not to pay SSI benefits retroactively is not reviewable. *Payne*, 2015 WL 570903, at *5.

## B.     The ALJ's March 29, 2013 Unfavorable Decision

To the extent Claimant seeks to challenge the merits of the ALJ's March 29, 2013 unfavorable decision, Claimant has failed to assert a claim in this regard. Claimant's complaint focuses exclusively on his alleged entitlement to retroactive SSI benefits in connection with the subsequent favorable determination. *See* Compl. [DE-5]. It was not until Claimant filed his memorandum in support of his motion for judgment on the pleadings that he asserted what could be liberally construed as a claim that the ALJ wrongfully denied his April 19, 2011 claim on March 29, 2013. Pl.'s Mem. [DE-23] at 2-3 (stating he believes the ALJ was wrong in denying his claim and that "they knew I had COPD, asthma, and emphysema, Rheumatoid arthritis, fluid problems and more" and it is "very hard for me to walk, I use a cane and am in pain almost 24/7."). Claimant made no such allegations in his complaint, and a party may not amend the pleadings through briefing. *See Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 652 (E.D.N.C. 2014) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (additional citations omitted)). Furthermore, the court's obligation to liberally construe documents drafted by

6

*pro se* litigants, "'cannot ignore a clear failure to allege facts' that set forth a cognizable claim." *Id.*

at 648 (quoting *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C.

2011) (additional citation omitted)). "Only those questions which are squarely presented to a court

may properly be addressed." *Id.* at 648 (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391

(4th Cir. 1990)). Accordingly, Claimant has failed to allege a claim challenging the merits of the

ALJ's March 29, 2013 unfavorable decision.

## VI. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Claimant's Motion for Judgment

on the Pleadings [DE-21] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-24]

be ALLOWED, and the case be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each

of the parties or, if represented, their counsel. Each party shall have until **September 6, 2016** to file

written objections to the Memorandum and Recommendation. The presiding district judge must

conduct his or her own review (that is, make a de novo determination) of those portions of the

Memorandum and Recommendation to which objection is properly made and may accept, reject, or

modify the determinations in the Memorandum and Recommendation; receive further evidence; or

return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules),

72.4(b), E.D.N.C. Any response to objections shall be filed within **10 days** of the filing of the

objections.

**If a party does not file written objections to the Memorandum and Recommendation**

**by the foregoing deadline, the party will be giving up the right to review of the Memorandum**

7

and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, this the 23rd day of August 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

8